[No. 28672.   Department One.   March 18, 1943.]

FRANK A. STRUCK, *Appellant,* v. THE CITY OF EVERETT
*et al., Respondents.*[1]

*Clarence J. Coleman* and *Thomas G. McCrea,* for appellant.

*Jesse H. Davis* and *Parker Williams,* for respondents.

JEFFERS, J.—This action was instituted by Frank A. Struck, against defendants, city of Everett and H. Arends, as city clerk.   It is alleged by plaintiff, and admitted by defendants, that, from October · 1, 1919, to October 8, 1940, plaintiff was a member of the fire department of the city of Everett.   It is further alleged by plaintiff that, on September 30, 1940, he became temporarily disabled on account of sickness resulting from the performance of his duties as such

[1]Reported in 135 P. (2d) 67.

fireman. Defendants admit that plaintiff became disabled on September 30, 1940, on account of sickness resulting from the performance of his duties, but allege that such disability was permanent and not temporary.

It is further alleged by plaintiff that defendants recognized such disability, and paid plaintiff all salary due him up to and including October 8, 1940. Defendants admit that the city paid plaintiff his regular salary up to and including October 8, 1940. Plaintiff further alleges that, on October 4, 1940, the firemen's relief board, under and by virtue of the firemen's pension law (Rem. Rev. Stat. (Sup.), § 9562 [P. C. § 942]), retired plaintiff, such retirement to become effective October 8, 1940. This allegation is also admitted by defendants.

Plaintiff further alleges that the decision of the pension board was reviewed by the superior court for Snohomish county, and the action of the board in retiring plaintiff was upheld, but the court expressly reserved to appellant the right to litigate the question of his right to recover his full salary for the period of his temporary disability, not exceeding six months, beginning September 30, 1940. Defendants admit that, in the action brought in Snohomish county to review the action of the board in retiring plaintiff, the court did not decide or determine any rights of plaintiff to receive wages or salary from the city for the six months' period beginning September 30, 1940.

Plaintiff alleges that, under the provisions of Rem. Rev. Stat. (Sup.), § 9565 [P. C. § 945], he is entitled to his regular salary for the period of six months beginning September 30, 1940, and that it was the duty of defendant Arends to issue warrants for the payment of wages due firemen in the city of Everett. Defendants admit that the city clerk of Everett signs

warrants for wages due firemen; admit that defendants refused to pay plaintiff his regular salary after October 8, 1940; and deny that plaintiff is entitled to any salary after October 8, 1940.

In addition to admitting and denying the allegations of plaintiff's amended and supplemental complaint, as above set out, defendants, in their answer, by way of an affirmative defense, allege that plaintiff entered the fire department on October 1, 1919, and, continuously from that date to September 30, 1940, was a member of the department, performing services as a fireman, except when on sick leave; that, on January 17, 1940, plaintiff became disabled on account of sickness, as a result of the performance of his duties, and was on sick leave until April 4, 1940, at which time he returned to service; that, on June 6, 1940, for the same cause, plaintiff was disabled and on sick leave until September 18, 1940, at which time plaintiff again returned to service and worked until September 30, 1940, when he became permanently disabled for the same cause, and has not since returned to service; that plaintiff was paid his regular salary for the entire time from January 17, 1940, to October 8, 1940, except that he was not paid for the first five days he was on sick leave.

It is further alleged that plaintiff was permanently retired from the department on October 4, 1940, under and by virtue of the provisions of § 9562, *supra,* and that, since October 8, 1940, the board has been and is now willing to pay plaintiff the pension provided in § 9562, *supra*; that, at the time of his retirement, plaintiff was fifty-five years of age, and had served continuously for more than twenty years; that plaintiff became permanently disabled to perform his duties as a fireman, on account of sickness resulting from the the performance of his duties as a fireman.

Plaintiff, by his reply, denies that he was disabled on June 6th and September 30th, as a result of the same sickness; denies that he was permanently disabled on September 30th, and denies that he was paid all his salary from January 17 to October 8, 1940, except for the first five days he was on sick leave.

The cause came on for hearing by the court, which thereafter made and entered findings of fact, conclusions of law, and judgment. The court found that plaintiff was retired as a member of the fire department on October 4, 1940, such retirement to become effective October 8, 1940, for length of service, pursuant to the firemen's pension law (§ 9562, *supra*); that plaintiff was paid all salary due him to October 8th; that, on and after October 8, 1940, by reason of his retirement, plaintiff was not entitled to any salary from the city. From the findings, the court concluded that plaintiff's action for salary subsequent to October 8, 1940, should be dismissed. Judgment of dismissal was entered, and this appeal by plaintiff followed.

Appellant assigns error on the entry by the court of findings of fact, conclusions of law, and judgment in favor of respondents, and on the denial of appellant's motion for new trial.

It was the theory of the trial court, and it is the main contention of respondents, that appellant, having been retired by the board under the provisions of § 9562, *supra,* because of age and length of service, and not because of disability, was not entitled to the benefits of any of the provisions of § 9565, *supra,* even though, at the time of his retirement, appellant was temporarily disabled by reason of sickness resulting from his employment, but that appellant is entitled only to the pension provided by § 9562, *supra,* which, so far as material herein, provides:

"Whenever any person, at the time of taking effect of this act, or thereafter, shall have been duly appointed and have served honorably for a period of twenty (20) years, or more, and shall have reached the age of fifty-five (55) years, or who has served honorably for twenty-five (25) years or more as a member in any capacity of the regularly constituted fire department of any such city or town which may be subject to the provisions of this act, the board shall be empowered to order and direct that such person may be retired from such fire department, and the board shall retire any member so entitled as hereinabove provided for, upon his written request for same, and such member so retired shall be paid from such fund a monthly pension which shall be equal to fifty (50) per cent of the amount of salary attached to the rank held by such retired member at the date of such retirement. . . ."

Appellant contends that, having, while a member of the department, on September 30, 1940, become temporarily disabled by sickness due to his employment, he is entitled to his full salary for the time such disability continued, up to, but not exceeding, six months from September 30th, under the provisions of § 9565, *supra,* regardless of the fact that, on October 4, 1940, he was retired by the board because of age and length of service. Section 9565, upon which appellant relies, provides:

"Whenever any member of the fire department of any city or town shall, on account of temporary physical disability, in consequence of the performance of his duty or duties, as defined in this act, be confined to any hospital or to his bed, or unable to perform his duties as such member on account of such temporary disability, and shall require nursing and medical care, the board of trustees shall provide a professional nurse and pay all necessary hospital and professional nursing expenses of such member out of the said fund; the salary of such member shall continue and be paid as other salaries are paid, while he is necessarily confined

to such hospital or bed, or unable to perform his duties as a fireman on account of such temporary disability, for a period of not exceeding six months, after which period the other provisions of this act shall apply. If, however, the pension fund physician after an examination, shall decide the member will be incapacitated for a period extending beyond six months, then, in that event the board shall have the power and authority to retire such member after the first month: *Provided,* That in case of disability as herein defined, disabling the member, he shall receive his full salary for the period of six months even though such member is sooner retired; and after six months the provisions of section 9563 shall apply. *Provided,* If a member shall become temporarily disabled on account of sickness as the result of the performance of his duties as herein defined, he shall be entitled to the benefits and be governed by the provisions in case of his disability by injury, except he shall not be entitled to or receive any compensation for the first five (5) days of any such sickness; after such period of five (5) days his salary shall continue for a period not exceeding six (6) months, after which the other provisions of this act shall apply."

Before discussing the main question presented in this case, we desire to take up what appellant states was the chief ground advanced by the city, prior to trial, for its refusal to pay appellant his full salary during the period of temporary disability, not exceeding six months. This ground was that appellant had been on sick leave during 1940, for the same sickness, a total of six months. This figure is obtained by adding together all the time appellant was on sick leave as the result of his sicknesses in January, June, and September.

Respondents state in their brief that their position has always been as shown by their opening statement at the beginning of the trial:

"First, it is our contention that when he was finally and permanently retired on a pension by the pension board, which Judge Denney has held they had a right to do, that his only right was to half pay under the pension law; that he had no other rights. And if that is not sustained, it is our contention that for the same illness he is not entitled to full pay except for six months, for the same illness; and having collected that, that he is not entitled to any further sum, regardless of what happened afterwards."

Respondents then state that they feel it is unnecessary to argue the second proposition, and they do not argue it. We are of the opinion there is no merit to the second contention.

Dr. Flynn, called by respondents, was the only doctor who testified. He had treated appellant after the three attacks hereinbefore referred to, and he stated that appellant was suffering from carotid sinus syncope, the meaning of which term he explained as follows:

"Well, the term 'syncope,' would probably be best explained as indicating fainting, or sudden loss of consciousness. The 'carotid sinus' is a plexus of nerves in the neck surrounding the carotid artery, which exerts an influence on heart action, and under certain circumstances and in certain individuals the sinus is unusually sensitive, and under a given stimulus will cause changes in the heart action which will result in loss of consciousness known as 'syncope.' "

The doctor further testified that appellant had a carotid sinus which was more sensitive than others, and while appellant's attacks seemed to be of the same nature, a new and independent stimulus brought on each different attack, such, possibly, as going to a fire, or some happening which would throw an increased burden upon those sensitive nerves.

Appellant testified that after his January sickness he went back to work, feeling fine, and that after his June sickness he also felt fine and went back to work.

He further testified that, from September 30, 1940, he was unable to do anything except little odd jobs for six months; that, since June 2, 1941, he had been working as a guard at an airport, and was having no trouble performing the services required of him.

Dr. Flynn also testified that he had seen appellant recently, and that, so far as he could tell, appellant had apparently recovered from his disability of September 30, 1940.

We are satisfied that each one of the periods of disability suffered by appellant was a separate illness. We are also of the opinion the board recognized that appellant had recovered from each illness, and permitted him to come back and resume his duties as a fireman, deducting five days' pay from each of the first two sick periods.

We now come to the main question presented in this case. The record, in our opinion, shows without contradiction that appellant was temporarily disabled on September 30, 1940, and that such disability continued for a period of six months thereafter. It may be assumed that, under the facts in this case, appellant, had he not been retired under the provisions of § 9562, *supra*, would have been entitled to his full salary from September 30, 1940, during the time his disability continued, not exceeding six months. But, inasmuch as he was retired under the provisions of § 9562, and not because of a temporary disability, is appellant to be deprived of his right to his salary under the provisions of § 9565, *supra*?

We have carefully considered these two sections, in an effort to determine the intent of the legislature, especially § 9565, *supra*.

We agree with the trial court that there is a sick benefit fund, entirely distinct from the salary fund, from which is paid the cost of nursing and hospitaliza-

tion of one temporarily disabled by injury or sickness. We also agree with the trial court that the salary of such member shall continue for a period not exceeding six months and be paid as other salaries are paid, while such member, on account of such temporary disability, is necessarily confined to the hospital or his bed, or unable to perform his duties as a fireman. We also agree that if the pension fund physician, after an examination, shall decide that the member will be incapacitated for a period extending beyond six months, then the board has the power to retire such member after the first month; and that such retired member shall be entitled to his full salary for a period of six months, even though retired for disability at the end of the first month.

We are unable to agree with the trial court that, where a member, temporarily disabled, is thereafter retired by the board, under the provisions of § 9562, such member is thereafter entitled to none of the provisions of § 9565, *supra*. It seems to us that under a fair interpretation of the provisions of the last proviso of § 9565, *supra,* which in fact is not really a proviso, appellant is clearly entitled to his full salary for the period he was temporarily disabled, not exceeding six months, from September 30, 1940, regardless of the fact that he was retired by the board on October 4, 1940, under the provisions of § 9562, *supra.* We quote this proviso:

"*Provided,* If a member shall become temporarily disabled on account of sickness as the result of the performance of his duties as herein defined, he shall be entitled to the benefits and be governed by the provisions in case of his disability by injury, except he shall not be entitled to or receive any compensation for the first five (5) days of any such sickness; after such period of five (5) days his salary shall continue for a

period not exceeding six (6) months, after which the other provisions of this act shall apply."

It will be noted that there is no limitation contained in the above proviso, which would make it inapplicable to a member temporarily disabled on account of sickness, as the result of the performance of his duties, even though he had been retired for any reason. In other words, it seems to us the above proviso was put in to insure that a member who became temporarily disabled, as therein provided, would receive his full salary for the period of such disability, not exceeding six months, regardless of what action might thereafter be taken by the board relative to his retirement.

We therefore conclude that, while the board had the power to, and did, retire appellant on October 4, 1940, such retirement to become effective October 8th, appellant is entitled to his full salary from September 30, 1940, and, it being admitted that he has received this salary up to October 8th, appellant is entitled to a judgment directing the clerk of the city of Everett to draw and deliver to appellant a warrant for his full salary as a fireman for the six months subsequent to September 30, 1940, deducting therefrom any amount which may have been paid to appellant for the first five days of such disability, and also deducting any additional salary that may have been paid to appellant for the period from September 30th to October 8th.

The judgment is reversed, with directions to enter judgment in favor of appellant in accordance herewith.

SIMPSON, C. J., MILLARD, STEINERT, and BLAKE, JJ., concur.